# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VATCHE AGOPIAN,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>FEDERAL EXPRESS<br>CORPORATION,<br>　　　Defendant. | CV 20-5282 DSF (Ex)<br><br>Supplemental Order re<br>Defendant's Motion for<br>Attorneys' Fees (Dkt. 93) |

　　　Defendant Federal Express Corporation (FedEx) filed a motion seeking attorneys' fees and costs. Dkt. 93 (Mot.). On May 26, 2021, the Court found an award of fees was appropriate but permitted FedEx to submit a declaration attesting that records were maintained on a contemporaneous basis and Agopian to submit a declaration attesting to his financial status. Dkt. 102. Each party submitted supplemental filings. See dkts. 103 (Agopian Decl.), 104 (FedEx Suppl. Br.), 105.

　　　Agopian resubmits the same declaration he filed previously, which includes no information about his financial status. Compare Agopian Decl. with dkt. 96-1. The Court therefore will not consider Agopian's financial status – of which it still has no knowledge – in determining an appropriate attorneys' fees award.[1]

---

[1] The Court knows that Plaintiff was fired from his position at FedEx, but it does not know whether he has obtained new employment, or whether he has other substantial assets such as an inheritance or investments. The Court declines to speculate when he has been given an opportunity to provide relevant information.

FedEx submits supplemental briefing arguing the Ninth Circuit does not require contemporaneous records. See FedEx Suppl. Br. The Ninth Circuit has held that contemporaneous records are not "absolutely necessary" and fee requests can instead "be based on reconstructed records developed by reference to litigation files." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (internal quotation and citation omitted). The Court's Order re Format of Time and Expense Record states, with emphasis: "*Time records must be maintained on a contemporaneous basis*, and a declaration from counsel to that effect will be required." Order re Format of Time and Expense Records ¶ 4. Regardless, the absence of such records is not a basis for denying FedEx's request in its entirety. However, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

As it explained in its previous Order, in calculating attorneys' fees, the Court uses the lodestar method. See Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1161 (9th Cir. 2018) (holding the district court abused its discretion by not using the lodestar approach). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley, 461 U.S. at 433). District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437.

FedEx requests $85,625 in attorneys' fees for 171.25 hours of work billed by Craig E. Lindberg at a rate of $500 per hour. Mot. at 7-8. Lindberg works as in-house counsel for FedEx. Dkt. 94 (Lindberg Decl.) ¶ 3. In determining a reasonable hourly rate, "the district court should consider: 'experience, reputation, and ability of the attorney; the

outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" Hiken v. Dep't of Def., 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986)). District courts may also "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).

For guidance as to reasonable rates, the Court generally relies on the 2020 Real Rate Report, a Wolters Kluwer publication, which is based on actual legal billing, matter information, and paid and processed invoices from a wide range of companies. The Real Rate Report is "a much better reflection of true market rates than self-reported rates." Hicks v. Toys "R" Us-Del., Inc., No. CV13-1302-DSF (JCGx), 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014).

According to the Real Rate Report, the median hourly rate for employment and labor attorneys working in discrimination, retaliation, and harassment is $445 for partners and $323 for associates. Real Rate Report at 13. In Los Angeles, the median rate for an employment and labor attorney is $610 for partners and $416 for associates. Id. at 74. While Lindberg does not work at a firm, he has more than 30 years of experience, Lindberg Decl. ¶ 3, making a partner-level rate the more apt comparison. See State Comp. Ins. Fund v. Khan, No. SACV 12-01072-CJC (JCG), 2016 WL 6440138, at *6 (C.D. Cal. July 6, 2016) ("The 'reasonable hourly rate' standard 'applies regardless of whether the attorneys claiming fees . . . are in-house counsel.'" (quoting Syers Props. III, Inc. v. Rankin, 226 Cal. App. 4th 691, 698 (2014))).

A survey of case law also suggests that $500 is a reasonable rate for an employment attorney with Lindberg's experience. See, e.g., Asfall v. L.A. Unified Sch. Dist., No. 18-cv-00505-CBM, 2020 WL 6650783, at *3 (C.D. Cal. Oct. 28, 2020) (finding $950 rate was reasonable for top employment lawyer with thirty years of experience); Flores v. City of San Gabriel, No. CV 12-4884 JGB (JCGx), 2019 WL 1771795, at *2 (C.D. Cal. Feb. 22, 2019) (finding $500 rate was reasonable for attorney specializing in public sector employment law

who had been practicing since 1997); Browne v. Am. Honda Motor Co., Inc., No. CV 09-06750 MMM (DTBx), 2010 WL 9499073, at *7 (C.D. Cal. Oct. 5, 2010) (determining in 2010 that an hourly rate of $545 was reasonable for attorney who had been practicing in Southern California for ten years).  The Court finds the requested rate of $500 for Lindberg is reasonable.

Lindberg submits records detailing the 171.25 hours FedEx requests fees for, broken down by task.  Dkt. 94-2 (Lindberg Time Accounting).  The Court finds the hours billed are somewhat excessive, unnecessary, or not supported by sufficient evidence.  See Hensley, 461 U.S. at 434 (district court may exclude any hours that are excessive, redundant, or otherwise unnecessary).  The Court therefore reduces the hours as follows:

- Lindberg records a total of 12 hours spent on tasks related to removing this case to federal court.  Lindberg Time Accounting at 1, rows 8-24.  Removal of this case was routine and based on diversity jurisdiction.  See dkt. 1.  There was no motion to remand.  The Court finds removal could have comfortably been done in 10 hours and deducts two hours.

- Lindberg spent 1.5 hours corresponding with opposing counsel and researching having an interpreter for Agopian's deposition.  Lindberg Time Accounting at 2, row 14.  The Court finds this is excessive for such a routine task and reduces the time by 1 hour.

- Lindberg spent 3.25 hours preparing an initial draft of the declaration of Debra Loveless and an additional .75 hours revising and finalizing it.  Id. at 2, row 26, and 3, row 10.  The brief declaration is straightforward, see dkt. 26, and Lindberg spent significantly less time on similar declarations he prepared for FedEx employees, see, e.g., Lindberg Time Accounting at 3, rows 4 (documenting only .75 hours spent on preparing the initial draft of Ellwood Garcia's declaration).  The Court therefore reduces this time by 1.5 hours.

4

- Lindberg spent 18.5 hours preparing FedEx's Separate Statement of Uncontroverted Facts and Conclusions of Law. Id. at 2, row 25, and 3, rows 13, 16, 18-19. The Court finds this is excessive and could have been completed in 15 hours. It therefore reduces the time by 3.5 hours.

- Lindberg bills 2.75 hours for preparing a chart on time spent on the lawsuit. Id. at 4, row 21, and 5, row 2. Such records should ideally be kept contemporaneously in part so counsel does not waste time reconstructing them. The Court deducts this expense in full.

The Court therefore reduces the number of billable hours from 171.25 to 160.5.

## I. CONCLUSION

FedEx is awarded $80,250 in attorneys' fees.

IT IS SO ORDERED.

Date: June 25, 2021

_____
Dale S. Fischer
United States District Judge